IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STUART AULD,

    **Appellant,**

    v.

SUN WEST MORTGAGE COMPANY, INC.,

    **Appellee.**

Case Nos. 14-2620 & 14-2621

## MEMORANDUM AND ORDER

Pursuant to 28 U.S.C. § 158(a)(1) and Federal Rule of Bankruptcy Procedure 8001, pro se appellant (and debtor) Stuart Auld appeals United States Bankruptcy Judge Dale Somers's dismissal of his Chapter 11 bankruptcy case, *In re Auld*, No. 14-20424, 2014 WL 2780302, at *5 (Bankr. D. Kan. June 11, 2014), *reconsideration denied*, No. 14-20424, 2014 WL 3696720 (Bankr. D. Kan. July 23, 2014), and its related adversary proceeding, *Stuart Auld v. Sun West Mortgage Company, Inc.*, No. 14-6057 (Bankr. D. Kan. November 26, 2014). Appellant has filed numerous motions:[1]

1. "Motion For Enlargment of Time to Amend Statement of Issues and Designation of Record on Appeal from Orders Entered by the Bankruptcy Court and File Motion to Consolidate Appeals; Statement of Issues and Designation of Record on Appeal From Orders Entered by the Bankruptcy Court" (Doc. 2).
2. "Motion and/or Request to Modify and/or Redesignate the Record on Appeal" (Doc. 9).
3. "Judicial Notice of Pleadings Filed and Supplemental Motion for Enlargement of Time to Amend Statement of Issues and Designation/Modification/Amendment of Record on Appeal from Orders Entered by the Bankruptcy Court" (Doc. 12).
4. "Amended, Supplemental and/or Renewed Motion and/or Request to Modify, Augment and/or Redesignate the Record on Appeal" (Doc. 15).
5. "Notice of Filing Memorandum and Motion to Vacate All Orders (including the recent 2/10/15 Orders) Made on behalf of Movants/Defendants/Appellees and/or for Reconsideration and/or to Set Aside the Court Orders to Date Due to: Lack of Standing and/or Lack of Bankruptcy

---

[1] Appellant has also filed numerous documents that are not attached as exhibits to any pleading. Thus, the docket is full of random filings that neither the court nor the Clerk's office could properly categorize. (*See* Docs. 3, 4, 5, 6, 7, and 8.) He has also filed duplicate documents in his bankruptcy case, which the Bankruptcy Clerk forwarded to this court, which were docketed as docket annotations. (*See* Docs. 13 and 14.) The court believes appellant intends that these documents supplement the Record on Appeal.

      Court Jurisdiction and/or Lack of Justiciable Matter and/or the Legal Doctrines of Payment, Acceptance, Accord and Satisfaction; Judicial Notice of Matters Rendering Defendant/Appellee's Claims Mute [sic] Due to the Reasons Set Forth Herein; Request for Findings of Fact and Conclusions of Law on Standing And the Other Reasons Justifying Vacating, Set Aside or Reconsideration Set Forth Herein" (Doc. 16).
6. "Supplemental Motion for Enlargement of Time to Amend Statement of Issues and Designation of Record on Appeal from Orders Entered by the Bankruptcy Court; Motion to Consolidate Appeals; Statement of Issues as to Appealed Orders Entered by the Bankruptcy Court" (Doc. 20).

The court will now take up all of appellant's pending motions.[2]

**I. Background**

      This case is but one branch of a giant, tangled case, which appellant started in state court in 2011.  *See* District Court of Johnson County, Kansas, Case No. 11-CV-4594.  The case has since grown—traversing several state and federal courts, resulting in countless motions and appeals, costing considerable time and money, and wasting many of those courts' time.  Over the years, appellant has apparently employed two attorneys, both of whom eventually withdrew.  He has been sanctioned for attorneys' fees twice and had filing restrictions placed on him by Judge Thomas Sutherland of the District Court of Johnson County, Kansas ("the State Court").  Because this history is important context for his present bankruptcy appeal, the court now discusses in some detail the tortured legal history of appellant's case.

      The court begins with appellant's original case before the State Court.  *Id.*  There, the State Court consolidated two cases—Case No. 11-CV-04594, filed on May 27, 2011, and Case No. 11-LA-06470, filed on June 23, 2011.  Appellant, proceeding pro se, filed the first case against his father, John W. Auld, Sr., relating to an alleged security interest appellant claimed in real property owned and occupied by Auld, Sr.; the second case was a forcible detainer action filed by Auld, Sr. against appellant to evict him from the property.  On November 19, 2012, the State Court granted the motion

---

[2] The court is also taking up appellant's motions in Case No. 14-2621 (Docs. 2, 7, 8), as they are identical to the motions filed in Case No. 14-2620.  Unless otherwise noted, all document citations refer to documents in Case. No 14-2620.

for summary judgment filed by then-Intervenor and present-appellee Sun West Mortgage Company, Inc. Recognizing that appellant was proceeding pro se, the State Court held hearing(s) and made multiple accommodations before ruling on Sun West's motion, such as offering appellant time to file a substitute response that complied with Kansas Supreme Court Rule 141(b). Appellant was instructed that Sun West would reply to the substitute response, but if no substitute response was filed, Sun West would reply to his original response and the court would consider the motion accordingly. He did not file a substitute response. As a result, the State Court concluded appellant was not entitled to relief from Rule 141(b), as the court's hearing and accommodations had sufficiently given appellant notice and opportunity to correct his response. Thus, the court found all of Sun West's facts deemed admitted. And, to the extent plaintiff offered factual support, the court diligently footnoted appellant's attempt to controvert the facts and the court's conclusion regarding whether each fact is deemed uncontroverted. (*See* Doc. 10-2 at 23–30.) The court need not discuss the State Court's factual findings to resolve this case. On December 10, 2012, the State Court denied appellant's motion to reconsider.

On January 4, 2013, the State Court granted defendant John W. Auld, Jr., As Trustee of the John W. Auld, Sr. Living Trust's motion for summary judgment. (*Id*. at 32–38) This time, appellant made a better attempt at controverting facts, but the court found his motion failed to comply with Rule 141(b). Nevertheless, the court addressed his factual paragraphs and a section called "Plaintiff's Statement of Controverted Facts," though "the purpose of these paragraphs is not clear." (*Id*. at 36.)

The State Court recounts the aftermath of that decision as follows:

Not satisfied with the delay caused by the spurious pleadings filed in the State Court and instead of pursuing the legitimate path of appealing this Court's decision, Mr. Auld then attempted to remove the case to Federal Court. Not surprisingly, the Federal Court ordered the case remanded back to this Court for further proceedings. In addition, the Federal Court assessed attorneys' fees against Mr. Auld (also not surprisingly). Mr. Auld filed a motion for reconsideration which was rejected. Mr. Auld then appealed to the

>Tenth Circuit Court of Appeals.  The Tenth Circuit not only affirmed the decision of the District Court to remand, but also affirmed the decision to sanction Mr. Auld with attorneys' fees.  As is his custom and practice, Mr. Auld immediately filed a motion for reconsideration.  With almost unprecedented speed, the Tenth Circuit denied the motion.

(*Id*. at 42–43.)  Judge Sutherland denied appellant's two pending motions because they were "simply the latest frivolous motions, in a long line of frivolous motions, that have not only caused unnecessary delay and expense, but have constituted a ridiculous perversion of the civil justice system by Mr. Auld. . . . [and were] generally, the same ramblings that have been asserted in numerous pleadings this Court has had to sift through in this case." (*Id*. at 43.)  Appellant could have appealed his previously-denied motions to reconsider, but he did not.[3]  At this point, Judge Sutherland imposed filing restrictions on appellant.

On the eve of a state court status conference regarding a writ of eviction, appellant opened his Chapter 11 bankruptcy case.[4]  *See Auld*, No. 14-20424, 2014 WL 2780302, at *5.  On June 11, 2014, United States Bankruptcy Judge Dale Somers granted Sun West's motion to dismiss, finding appellant did not file the Chapter 11 case in good faith.  (*See* Doc. 10-2 at 64–95.)  Before dismissing the case, however, Bankruptcy Judge Somers ordered additional briefing as to whether the case should be dismissed with or without prejudice.  Ultimately, the case was dismissed *without* prejudice.  As is his custom, appellant filed a motion to reconsider—which the court denied (*Id*. at 141–147).  Appellant's adversary proceeding was also dismissed.  (*See* Case No. 14-2621, Doc. 3-2 at 11–15.)  He now appeals the dismissal of both cases.

---

[3] As of the date of Judge Sutherland's order, appellant's opportunity to appeal his motions to reconsider to the Kansas Court of Appeals had passed.  Nevertheless, appellant eventually appealed some of the State Court's orders, though it is unclear which ones.  *See Stuart Auld v. John W. Auld, Sr., et al.*, Case No. 14-111464-A (Kan. Ct. App. 2014).  The Kansas Court of Appeals has not ruled in that case.

[4] He also opened a related adversary proceeding.  *Stuart Auld v. Sun West Mort. Co., Inc.*, No. 14-6057 (Bankr. D. Kan.).

-4-

**II. Legal Standard**

When sitting in an appellate capacity, the court has the authority to affirm, reverse, modify, or remand the bankruptcy court's ruling.  28 U.S.C. § 158(a).  The court reviews the bankruptcy court's legal determinations de novo and its factual findings for clear error.  *In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010).  This court will not disturb the bankruptcy court's decision unless it has "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  *Reeves v. Reeves*, 502 F. App'x 776, 778 (10th Cir. 2012) (citation omitted).  An abuse of discretion occurs when the bankruptcy court's decision was "arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment."  *Id*.

Because of appellant's status as a pro se litigant, the court will construe plaintiff's motion(s) more liberally than motions filed by a licensed attorney.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991) (citing *Overton v. United States*, 925 F.2d 1282 (10th Cir. 1990)).

**III. Analysis**

Appellant's five pending motions are exactly like the motions filed in the bankruptcy court (and probably like those filed in state court).  For instance, appellant's motion is twenty-nine pages of disorganized arguments that consist of a hodgepodge of text from various authorities—sometimes with complete cites, sometimes with no citation.  What appears to be the evidence that appellant provided is often confusing, hard to read, does not always make sense with the surrounding text, and has not been authenticated.  Essentially, appellant's motions are lengthy walls of text with images of various documents sprinkled throughout.  Moreover, while the title of appellant's first motion (Doc. 2) purports to be a motion for extension of time, plaintiff does not request an extension of time, but rather requests eight separate remedies relating to all of his apparent claims on appeal.

Despite having received no pleadings from appellee, the court believes that further briefing would be unnecessary for the court to affirm the bankruptcy court's dismissal.  As appellant's legal history clearly demonstrates, additional briefing would be futile.  Thus, the court is ready to rule on all pending motions in both cases by way of analyzing appellant's most recent motion (Doc. 16).[5]  In the context of this case, it is a motion to vacate the orders of the bankruptcy court; in reality, appellant requests this court to vacate all orders issued by any court that were adverse to his interests.

Appellant makes several arguments in his motion, including that: (1) Sun West lacked standing; (2) the bankruptcy court lacked jurisdiction; and (3) the bankruptcy court failed to apply the laws, ignored evidence, and/or obstructed justice by refusing to enforce legal mechanisms such as subpoenas and motions to compel.  He urges the court to take judicial notice of just about everything in his motion.  Appellant essentially requests that this court not only vacate the bankruptcy court's dismissal but also any order that is adverse to his interests.  Importantly, appellant makes no argument with respect to the legal standard this court applies in a bankruptcy appeal.

After reviewing the entire record of appeal, this court affirms Bankruptcy Judge Somers's dismissal of appellant's cases (*See* Doc. 10-2 at 64–93; 165–173; Case No. 14-2621, Doc. 3-2 at 11–15) and any other order(s) in the two cases.  Appellant did not bring his Chapter 11 bankruptcy case in good faith, and the record overwhelmingly demonstrates that.  Moreover, the bankruptcy court was meticulous, as evidenced by its order for additional briefing as to whether the dismissal should be with or without prejudice and by the court's liberal treatment of appellant's facts and arguments.

After meticulously reviewing appellant's legal history and his financials, the bankruptcy court concluded appellant did not prove good faith because his case is inconsistent with the purposes of Chapter 11.  Appellant has "no business or affairs to reorganize" because appellant is solvent, has little

---

[5] This motion is identical to Document 8 in Case No. 14-2621.

debt, has sufficient assets to pay the unsecured claims in full, and, while he operates his business out of the home, his business is operating profitably.  (Doc. 10-2 at 82–83.)  The court wrote:

> He testified that this litigation stems from the divorce of his parents and is a battle to achieve his mother's desire that Debtor remain in the Property as long as it is in the family.  When asked what he is trying to achieve in the bankruptcy, Debtor was evasive.  When asked what would be reorganized, he responded his business, although he acknowledged that it was not in deep financial trouble.  According to Debtor, it is necessary that he operate his business from the Property - he has always done so, and his records are there.  However, there is no evidence that clients come to the premises or that there is any advertisement or public information locating the business at the Property.  Debtor identifies no characteristics of the Property which make it uniquely suited for or essential for his business.

(Doc. 10-2 at 84.)  None of the court's findings of fact or conclusions of law were "arbitrary, capricious or whimsical, or result[ed] in a manifestly unreasonable judgment." *Reeves*, 502 F. App'x at 778.  Rather, the court based its decision on ample evidence—including appellant's own testimony and financials.[6]

## IV. Conclusion

This court determines that the bankruptcy court has not engaged in clear error or abused its discretion in dismissing appellant's case or its related adversary proceeding.  The record demonstrates appellant lacked good faith in filing his Chapter 11 petition.  "Seeking reversal of state court rulings is not a valid purpose of a Chapter 11 filing."  (Doc. 10-2 at 84.)  Even if the bankruptcy court had erred

---

[6] Moreover, as Bankruptcy Judge Somers noted:  "Under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to accomplish what Debtor desires."  (Doc. 10-2 at 86.)  For the same reason, this court cannot give appellant the relief he truly seeks.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that courts cannot entertain "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] court proceedings commenced and inviting [federal] court review and rejection of those judgments"); *Merrill Lynch Bus. Fin. Serv., Inc. v. Nudell*, 363 F.3d 1072, 1074 -1075 (10th Cir. 2004) ("The *Rooker–Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision. . . . Thus, in applying the *Rooker–Feldman* doctrine, we focus on whether the lower federal court, if it adjudicated plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition.").

in dismissing the case, neither it nor this court would be able to grant the relief appellant seeks—vacating the State Court's orders. All remaining motions are denied as moot.[7]

**IT IS THEREFORE ORDERED** that, with respect to both Case Nos. 14-2620 and 14-2621, appellant's motions to vacate all orders (Docs. 16 and 8, respectively) are denied.

**IT IS FURTHER ORDERED** that, with respect to Case No. 14-2620, appellant's four remaining motions (Docs. 2, 9, 12, 15, and 20) are denied as moot. With respect to Case No. 14-2621, appellant's two remaining motions (Docs. 2 and 7) are denied as moot.

Both cases—Nos. 14-2620 and 14-2621—are closed.

Dated this 26th day of March, 2015, at Kansas City, Kansas.

           s/ Carlos Murguia
           **CARLOS MURGUIA**
           **United States District Judge**

---

[7] While appellant's other motions request that the court designate the record and/or provide paper copies of the record to appellant so he can "cite to the record," the court believes this would be futile, given appellant's history with this case.